UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
JOHN ARTHUR JOHNSON,

                Plaintiff,

  -against-

MABLE A. DOYLE; RODNEY DOYLE;
ROBERT DOYLE,

                Defendants.
----------------------------------------------------------X

**MEMORANDUM & ORDER**
12-CV-04723 (RRM)(MDG)

**ROSLYNN R. MAUSKOPF, United States District Judge.**

On September 18, 2012, plaintiff John Arthur Johnson, currently incarcerated at Rikers Island, filed the instant *pro se* action pursuant to 42 U.S.C. § 1985. (Doc. No. 1.) The Court grants plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, (Doc. No. 2), solely for the purpose of this Order. For the reasons discussed below, the complaint is DISMISSED.

### BACKGROUND

Defendant Mable A. Doyle is plaintiff's maternal aunt, and defendants Rodney Doyle and Robert Doyle are Ms. Doyle's adopted sons. (Compl. ¶¶ 5–6, 8.) Plaintiff alleges that Ms. Doyle wrote him a check for $105,966.50 after the sale of her home in 2005. (*Id.* at ¶¶ 15–17.) On June 5, 2008, Ms. Doyle allegedly filed charges against plaintiff, saying that she only gave him the money to hold "for safe keeping." (*Id.* at ¶ 25.) On December 1, 2008, plaintiff was allegedly arrested on a New York warrant for Grand Larceny. (*Id.* at ¶ 23.) Plaintiff states that Mable Doyle's "account of the events are libelous, and defamatory, and violates [his] Civil Rights," and that the other two defendants conspired with Ms. Doyle "by not being forth coming with the truth." (*Id.* at ¶ 26.) Plaintiff seeks monetary damages and injunctive relief. (*Id.* at ¶¶ 31–37.)

**STANDARD OF REVIEW**

*Pro se* complaints are held to a less stringent standard than pleadings drafted by attorneys, and the Court is required to read plaintiff's *pro se* complaint liberally and interpret it as raising the strongest arguments it suggests. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Triestman v. Federal Bureau of Prisons*, 470 F.3d 471, 474–75 (2d Cir. 2006) (per curiam). Moreover, at the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 123 (2d Cir. 2010) (citing *Ashcroft v. Iqbal,* 556 U.S. 662, 678–79 (2009)). A complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Nonetheless, pursuant to the *in forma pauperis* statute, the Court must dismiss a case if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

**DISCUSSION**

Even granting plaintiff's complaint the liberal reading required, he fails to state a claim under 42 U.S.C. § 1985 for a conspiracy by two or more persons to deprive him of equal protection of the laws. "In order to state a conspiracy claim under 42 U.S.C. § 1985(3), a plaintiff must show: (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States. A § 1985(3) conspiracy must also be motivated by some racial or perhaps otherwise class-based, invidious discriminatory animus behind the conspirators' action." *Cine SK8, Inc. v. Town of Henrietta*, 507 F.3d 778, 791 (2d Cir. 2007) (citations and

quotation marks omitted). A plaintiff "must provide some factual basis supporting a meeting of the minds, such that defendants entered into an agreement, express or tacit, to achieve the unlawful end." *Webb v. Goord*, 340 F.3d 105, 110–11 (2d Cir. 2003) (citations and quotation marks omitted). A complaint containing "only conclusory, vague, or general allegations of conspiracy to deprive a person of constitutional rights" must be dismissed. *Gyadu v. Hartford Ins. Co.*, 197 F.3d 590, 591 (2d Cir. 1999) (quoting *Sommer v. Dixon*, 709 F.2d 173, 175 (2d Cir. 1983).

Here, plaintiff's conspiracy allegation is entirely conclusory. Plaintiff has failed to allege any "meeting of the minds" between any of the defendants. Nor is there any explanation of the agreement allegedly reached to deprive plaintiff of his rights. Moreover, he does not identify any racial or other class-based motive for defendants' actions. Plaintiff does not even allege that he is a member of any relevant class. Therefore, plaintiff's conspiracy claim is dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(ii). *See, e.g.*, *Boddie v. Schnieder*, 105 F.3d 857, 862 (2d Cir.1997) (affirming the dismissal of "conclusory, vague or general allegations of conspiracy to deprive a person of constitutional rights").

## CONCLUSION

For the reasons above, the complaint is DISMISSED for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith, and therefore *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962). The Clerk of Court is directed to mail a copy of this Memorandum and Order, and the Civil Judgment, to the plaintiff, and note the mailing on the docket.

SO ORDERED.

Dated: Brooklyn, New York  
   November 5, 2012

*Roslynn R. Mauskopf*  
_____  
ROSLYNN R. MAUSKOPF  
United States District Judge